**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JASON ROGERSON et al.,      )
                                 )
         Plaintiffs,     )
                                 )
        vs.          )     3:11-cv-00728-RCJ-VPC
                                 )
COUNTRYWIDE BANK, A DIVISION OF   )     **ORDER**
TREASURY BANK, N.A. et al.,     )
                                 )
        Defendants.    )
                                 )

       This is a residential foreclosure avoidance case involving one property.  Defendants have moved to dismiss and to expunge the lis pendens.  For the reasons given herein, the Court grants the motions.

**I.      FACTS AND PROCEDURAL HISTORY**

       Plaintiffs Jason and Irene Rogerson gave lender Countrywide Bank a $269,100 promissory note to purchase or refinance real property located at 348 Wheeler Ave., Reno, Nevada 89502 (the "Property"), secured by a deed of trust ("DOT"). (*See* DOT, 1–4, May 12, 2005, ECF No. 10-1).  Recontrust Co., N.A. was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary of the DOT, as well as the lender's nominee. (*See id.* 2).  MERS later assigned both the DOT and the promissory note it secured to Bank of America, N.A. (*See* Assignment, July 21, 2011, ECF No. 10-2).  Recontrust filed a

1   notice of default ("NOD") against the Property the same day. (*See* NOD, July 21, 2011, ECF No.

2   10-3).

3       Plaintiff sued Countrywide, Recontrust, BAC Home Loans Servicing (predecessor-in-

4   interest to Bank of America), and Laura Dalley in state on nine causes of action: (1) Unfair Debt

5   Collection Practices Under Nevada Revised Statutes ("NRS") section 649.370; (2) Unfair and

6   Deceptive Trade Practices Under NRS sections 41.600 and 598.0923; (3) Unfair Lending

7   Practices Under NRS section 598D.100; (4) Breach of the Covenant of Good Faith and Fair

8   Dealing; (5) Violation of NRS section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title;

9   and (9) Abuse of Process.  Defendants removed and have now moved to dismiss and expunge the

10  lis pendens.

11  **II.   LEGAL STANDARDS**

12      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

13  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

14  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

15  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

16  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

17  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

18  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

19  failure to state a claim, dismissal is appropriate only when the complaint does not give the

20  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

21  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

22  sufficient to state a claim, the court will take all material allegations as true and construe them in

23  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

24  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

25  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

Page 2 of  4

1    *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

2    with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own

3    case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79

4    (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff

5    pleads factual content that allows the court to draw the reasonable inference that the defendant is

6    liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule

7    8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must

8    plead the facts of his own case so that the court can determine whether the plaintiff has any

9    plausible basis for relief under the legal theory he has specified, assuming the facts are as he

10   alleges (*Twombly-Iqbal* review).

11          "Generally, a district court may not consider any material beyond the pleadings in ruling

12   on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

13   complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner

14   & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

15   whose contents are alleged in a complaint and whose authenticity no party questions, but which

16   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

17   motion to dismiss" without converting the motion to dismiss into a motion for summary

18   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

19   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay

20   Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

21   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

22   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

23   2001).

24   ///

25   ///

III.    **ANALYSIS**

Although the beneficial interests in the debt and the DOT were initially split when the parties named MERS as the "beneficiary" of the DOT itself but not of the debt, *see Edelstein v. Bank of New York Mellon*, No. 57430, 2012 WL 4461716, at *8 (Nev. 2012), the split was cured when MERS later assigned both its own interest in the DOT and Countrywide's interest in the debt to Bank of America, *see id.* at *9.  MERS, as beneficiary of the DOT, could of course transfer its own interest, and as "nominee" of the lender it had the agency to transfer the beneficial interest in the underlying debt. *See id.* at *10; *see also Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941, 944 (D. Nev. 2011) (Jones, J.).  Recontrust, the original trustee, then filed the NOD before October 1, 2011, so the strictures of Assembly Bill 284 do not apply here.  In summary, the foreclosure was statutorily proper.  The remaining claims fail for reasons given in substantially identical cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) and the Motion to Expunge Lis Pendens (ECF No. 11) are GRANTED.

IT IS FURTHER ORDERED that the lis pendens is EXPUNGED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 1st day of November, 2012.

_____
ROBERT C. JONES
United States District Judge